IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CASE NO.: CR504-20 |
| v.  ) | |
| ) | |
| ) | |
| KENYADA DOUNVEOUR ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Kenyada Dounveour ("Defendant") allegedly violated the conditions of his supervised release by failing to notify his probation officer of a change in residence. A warrant for Defendant's arrest was issued. After Defendant's arrest counsel was appointed to represent him in this revocation proceeding. Defense counsel moved to have a psychiatric evaluation performed to determine Defendant's competency to understand the nature of the proceedings against him, as well as his ability to aid in his own defense. The Court granted this motion by Order dated October 6, 2005.

Defendant was transported to the Federal Detention Center in Miami, Florida, for an evaluation. Dr. Manuel E. Gutierrez, a forensic psychologist at the Center, and Dr. Rodolfo A. Buigas, the Center's Forensic Exam Coordinator, examined Defendant.[1] Dr. Gutierrez and Dr. Buigas completed a report of their forensic evaluation of Defendant and submitted it to the Court and both parties.

---

[1] Dr. Gutierrez and Dr. Buigas are both licensed psychologists. Defendant was previously evaluated by Drs. Buigas and Gutierrez to determine his mental competency to stand trial and criminal responsibility for a Felon in Possession of a Firearm offense.

AO 72A
(Rev. 8/82)

To determine the mental competency of a defendant facing proceedings to modify or revoke his supervised release, the Court shall apply the same standards as it would for a pretrial-detainee. See United States v. Avery, 328 F. Supp. 2d. 1269, 1271-72 (D. Ala. 2004) (recognizing that several courts have applied the standards and procedures of the Insanity Defense Reform Act of 1984 to supervised release hearings); See also, United States v. McCarty, 747 F. Supp. 311, 312-13 (E.D.N.C. 1990) (finding that the court has jurisdiction under 18 U.S.C. § 4241 to hospitalize a defendant in a parole revocation hearing). A defendant is not competent to stand before a supervised release modification proceeding if he "is presently suffering from a mental disease or a defect rendering him mentally incompetent to the extent that he is unable to understand the nature and the consequences of the proceedings against him or to assist properly in his defense." Avery, 328 F. Supp. 2d at 1273 (discussing 18 U.S.C. § 4241(d) which outlines the proper procedure for determining competence of pre-trial detainees).

Dr. Buigas' and Dr. Gutierrez's evaluation opines that Defendant qualifies for multiple classifications of psychiatric disorders, including: 1) Schizophrenia; 2) Antisocial Personality Disorder; 3) cocaine and cannabis abuse; and 4) below average intelligence. Defendant also suffers from HIV and possesses Sickle Cell traits. Drs. Buigas and Gutierrez determined that his current mental status is "marginal" and that he "continues to experience perceptual disturbances and poor impulse control." They believe that Defendant has "characterological dysfunctions" and "is prone to substance abuse which will likely prove resistant to change."

Dr. Buigas and Dr. Gutierrez made these determinations after extensive testing of Defendant's cognitive, psychological, and personality functioning. Throughout the

evaluation, Defendant was cooperative, despite exhibiting varied levels of effort in his psychological testing. Although Defendant presents a seemingly positive outward image, including organized and coherent thought process, Defendant suffers from commanding auditory hallucinations. During his evaluation, Defendant exhibited two traits of malingering[2]; however, Drs. Buigas and Gutierrez concluded that Defendant's active psychotic state was a likely reason for any exaggeration in his state of functioning.

Cognitive Tests, such as the Trial Making Test and the Validity Indicator Profile, indicated that Defendant's scores were not necessarily accurate indications of his intellectual and cognitive abilities. Psychological tests revealed that Defendant possesses coherent and realistic, but immature, thought processes. His evaluators determined that he is self-focused with limited concern regarding the consequences of his highly impulsive, reckless, and asocial behavior. Drs. Buigas and Gutierrez found that Defendant's tendencies appear "to be of a long-standing, characterological nature."

Defendant's evaluation concluded that he is currently incompetent to stand before the proceedings against him, but with treatment, he might achieve competence for a future proceeding. Dr. Buigas and Dr. Gutierrez addressed Defendant's factual and rational understanding of the charges against him, courtroom proceedings, and ability to assist in his own defense. They found that Defendant's mental illness does not affect his factual understanding, but his rational understanding of the legal process is significantly impacted. For example, his evaluators discovered that Defendant did not fully understand the conditions of his supervised release and was unclear as to why he could not leave the

---

[2] Malingering is defined as the intentional misrepresentation or exaggeration of physical or psychological symptoms.

3

supervision area. They also determined that Defendant's ability to aid in his own defense would be severely limited or non-existent. Defendant does not recall his attorney's name or contact information. Although Defendant did not exhibit distrust for his attorney, his evaluators determined that Defendant suffers from impaired judgment demonstrated through suicidal thoughts, his decision to stop taking prescribed medication, as well as marginal behavioral control and frustration tolerance.

The report of the forensic evaluation indicates that Defendant is unable to: rationally understand the nature of the proceedings against him; rationally consult with his attorney; and ultimately, can not properly assist in his defense. There is no contradictory evidence to suggest a different conclusion.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant be found incompetent to proceed with a revocation hearing concerning his supervised release at this time. Defendant should be sent to an appropriate facility to receive mandatory competency restoration treatment.

So **REPORTED** and **RECOMMENDED**, this 23rd day of January, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4

AO 72A
(Rev. 8/82)